In re: William Doyle applying for Writ of Mandamus and Remedial Writs.
Application denied. See Per Curiam.
PER CURIAM RELATIVE TO DENIAL OF WRIT APPLICATION
Petitioner here seeks an order citing for contempt the attorney for the Director of the Department of Corrections, and/or the issuance of a certificate of discharge in connection with his conviction and sentence arising out of Criminal District Court, Parish of Orleans, Docket No. 242-169.
Apparently petitioner was convicted in those proceedings of a violation of R.S. 14:69 (receiving stolen things) and received on April 8, 1975, a sentence of 14 months with credit for time served. Apparently he was thereafter charged as a multiple offender because of the same conviction and received a thirty year sentence. Apparently both sentences, appearing as independent sentences, are reflected on records of the Department of Corrections.
An appeal from that conviction had been recently pending in this Court when this same applicant filed a motion to dismiss his appeal setting forth that he had already fully served the fourteen month sentence incident to the conviction. In that motion he asked that this Court direct the Director of the Department of Corrections, State of Louisiana, to serve upon him a certificate of discharge of the hereinbefore shown sentence of 14 months.
On November 18, 1975, in response to that motion to dismiss appeal, the Honorable Chief Justice of this Court signed a motion ex parte “Motion granted and appeal dismissed.”
Based upon that dismissal and the underlying motion incorporating the request for certificate of discharge, petitioner seeks now to have the certificate of discharge issued.
The attorney for the Department of Corrections was correct in refusing to issue the certificate of discharge upon the grounds that this Court’s order simply meant dismissal of the appeal. It did not order issuance of any discharge.
We now realize that petitioner who sought dismissal of his pending appeal of a conviction which gave rise to a fourteen month sentence may not have wanted the appeal dismissed without the issuance of the discharge. Our dismissal may therefore have been improvidently granted. In the event petitioner prefers to reinstitute his appeal he may do so, either by asking this Court to revoke a purportedly improvidently granted dismissal of appeal, or by petitioning in the district court for a writ of ha-beas corpus seeking an out-of-time appeal.
Furthermore, the records of the Department of Corrections may be incorrect in showing two sentences, one for 14 months and one for 30 years when in fact it appears that the 30 year sentence imposed under the multiple offender bill was possibly intended to supersede the earlier 14 month sentence. If this is the case, and if the petitioner seeks from the Department of Corrections, a correction of their records in this regard, such request might properly be entertained at that time.